**In re Karen K. JOHNSON,
Member of the Bar.**

**No. 96–8001.**

United States Court of Veterans Appeals.

Oct. 24, 1997.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

Attorney Karen K. Johnson (respondent) filed a Notice of Appeal on behalf of the appellant in *Staton v. Brown,* No. 96–65. On January 31, 1996, the Court mailed to the respondent a notice of docketing, requiring the appellant to pay the $50 filing fee or file a motion to waive the fee, and to file a copy of his fee agreement with the respondent or

a statement that he was being represented by her without charge. The respondent failed to respond to that notice. On February 20, 1996, the Court ordered the appellant to show cause why the appeal should not be dismissed for failure to pay the filing fee. The appellant did not respond to that order. The appeal was dismissed on March 14, 1996.

On March 21, 1996, the respondent tendered the $50 filing fee without explanation. The Court treated that action as a motion for reconsideration of the dismissal, granted reconsideration, and reinstated the appeal on March 27, 1996. After reinstatement, the respondent still failed to file a copy of the fee agreement or a statement that the appellant was being represented without charge. On July 16, 1996, the Court issued an order setting the time and date for a telephonic briefing conference. Without explanation or prior notice, the respondent could not be reached and was not otherwise available for this conference. The respondent also failed to file the appellant's brief, which was due on August 9, 1996. On August 29, 1996, the Court ordered the appellant to show cause why the appeal should not be dismissed. The respondent never responded, but another attorney entered an appearance on behalf of the appellant.

The matter of the respondent's conduct in *Staton* was referred to this panel of the Court. On August 29, 1996, the Court ordered the respondent to show cause within 30 days why this matter should not be referred to the Court's Committee on Admission and Practice (Committee) for investigation, a hearing as necessary, and report to the Court. The respondent did not respond to that order. On September 9, 1996, the Court received a certified copy of a July 31, 1996, letter from Arkansas authorities imposing on the respondent a one-year suspension from the practice of law in Arkansas. The respondent had failed to report that action to the Clerk as required by Rule 10 of the Court's Rules of Admission and Practice. That failure was incorporated in another order to show cause, within 30 days, issued on December 3, 1996, and mailed to an additional address provided by Arkansas authorities. The respondent also failed to respond to that order.

On January 17, 1997, the Court referred this matter to the Committee for investigation, a hearing if requested by the respondent or otherwise indicated, and report to the Court. The Committee filed its report with the Court on August 19, 1997. It noted that no response was received from the respondent to the Committee's service on her of a statement that the Committee was "considering recommending that the Court impose discipline in the form of disbarment or indefinite suspension from further practice before the Court". On September 2, 1997, following review of the Committee's report, the Court ordered the respondent to show cause why it should not impose on her an indefinite suspension from practice before this Court. The respondent has failed to respond.

The respondent's misconduct, which involved a lack of diligence on behalf of the appellant and a failure to report to the Court a material fact affecting her entitlement to practice law, violates Rules 1.3 and 8.1 of the American Bar Association's Model Rules of Professional Conduct, which have been adopted by this Court, in Rule 1(b) of the Court's Rules of Admission and Practice, as its Code of Professional Responsibility.

On consideration of the foregoing and the recommendation of the Committee, it is

ORDERED that Karen K. Johnson is suspended from practice before this Court for an indefinite period of not less than one year. Pursuant to Rule 7(a) of the Court's Rules of Admission and Practice, she may file a petition for reinstatement after 12 months have elapsed following the date of this order. Any such petition must be accompanied by evidence of her personal and professional rehabilitation and of her reinstatement to practice law in the courts of the State of Arkansas.